**ONE DAY PAINT & BODY CENTERS, INC. Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–263C.**

United States Court of Federal Claims.

Aug. 26, 1993.

Craig L. Weinstock, Dallas, TX, with whom was Marc C. Taylor, and Roger B. Cowie, for plaintiff.

Brian M. Simkin, Washington, DC, with whom was Asst. Director Thomas W. Petersen, Director David M. Cohen, and Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). For the reasons set forth below, the court grants defendant's motion.

## FACTS

On April 30, 1993, plaintiff, One Day Paint & Body Centers, Inc. (hereinafter, One Day), filed an action in this court against the United States alleging damages for breach of contract and, in the alterna-

tive, seeking recovery for services rendered (quantum meruit). Plaintiff alleged two claims for breach of contract. The first averred that the General Services Administration (hereinafter "GSA") overburdened its lease with plaintiff, thereby causing financial loss to plaintiff. The second stated that defendant breached its written promise to plaintiff that it would pay for damages arising from the overburdening of the lease. Plaintiff's claim for quantum meruit argued that defendant was unjustly enriched because it did not bear the cost of either preventing or fixing the damage.

At the heart of this dispute were a lease made between GSA, on behalf of the Immigration and Naturalization Service (hereinafter "INS"), and plaintiff, and a new illegal amnesty program that INS initiated on or about May 5, 1987. The lease, which subsisted from approximately May 1987 until approximately September 1991,[1] was for space in a shopping center, owned by plaintiff, located at 2001 East Division Street, Arlington, Texas (hereinafter "the Premises"). The illegal alien amnesty program, commenced by INS pursuant to the Immigration Reform Control Act of 1986, offered amnesty to millions of illegal aliens and caused the influx of a large number of applicants at the Premises.

According to plaintiff, but absent from the written lease agreement, GSA and INS represented to plaintiff during negotiations that no more that 200 invitees per day would visit the Premises and these invitees would come and go on a normal basis during the working day. However, reality apparently did not comport with design; instead of receiving 200 invitees per day, the INS received over 500 amnesty applicants per day, many of whom brought employers, family, friends, attorneys and/or interpreters. Further, plaintiff alleged that these applicants did not "come and go on a regular basis throughout the normal business day," but, instead, would arrive very early in the morning, block entrances to spaces leased by other tenants, sleep on the premises, and use the outdoor grounds as toilet facilities.

Upset by this unexpected activity, plaintiff, on many occasions, allegedly notified INS/GSA of its discontent. In response, defendant allegedly assured plaintiff, in writing, that it would remedy the problem, but defendant failed to do so. Consequently, on or about December 31, 1991 One Day filed a formal, written claim with GSA describing the aforementioned events and requesting damages therefore. GSA never responded to One Day's claim.

On March 5, 1993, One Day filed a complaint against the United States in the United States District Court for the Northern District of Texas (the "district court complaint") seeking damages caused by alleged tortious conduct of INS, GSA, and the invitees. In the district court complaint, One Day alleged that, contrary to the representations made by GSA prior to the consummation of the lease agreement, invitees "flooded" the premises and failed to "come and go on a regular basis" throughout the business day. One Day also alleged that large numbers of invitees repeatedly blocked entrances to space leased by other shopping center tenants, slept on the premises overnight, used the grounds as toilet facilities, and caused other general disturbances and property damage. One Day claimed damages for money it spent on additional security, maintenance, repairs, janitorial services, crowd control devices, and on-site management.

On April 30, 1993, One Day filed an action in this court to recover for defendant's alleged breach of the lease and defendant's alleged breach of its written promise to plaintiff. Plaintiff claimed relief for property damage; lost business; and expenses incurred for additional security, maintenance and repairs, janitorial services, crowd control devices, and on-site management. In the alternative, plaintiff sought damages for quantum meruit, alleging that defendant was unjustly enriched because it did not bear the cost of either preventing or fixing the damage.

In response to plaintiff's complaint, defendant filed a motion to dismiss for lack

---

1. Plaintiff did not provide precise starting and ending dates for the lease in question.

of subject matter jurisdiction on June 29, 1993. Defendant's motion alleged that this court lacks jurisdiction under 28 U.S.C. § 1500 (hereinafter, "section 1500") because, at the time plaintiff filed its action in this court, defendant had another action pending in federal district court asserting the same claims.

## DISCUSSION

▮▮▮▮ Defendant based its motion to dismiss on the jurisdictional bar of Section 1500, which states:

> The United States Claims Court[2] shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (1988). Recent precedent interprets section 1500 as divesting this court of jurisdiction over "the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to'" the same claim." *Keene Corp. v. United States,* —— U.S. ——, ——, 113 S.Ct. 2035, 2041, 124 L.Ed.2d 118 (1993); *Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1567 (Fed.Cir.1988); *Gaubert v. United States,* 28 Fed.Cl. 597, 599 (1993). Two lawsuits assert the same claim if they share a common core of operative facts. *Keene,* —— U.S. at ——, 113 S.Ct. at 2043; *Johns–Manville,* 855 F.2d at 1567; *Gaubert,* 28 Fed.Cl. at 599. Accordingly, the test for "sameness" depends not on the theories of recovery asserted, or the portion of the facts litigated, but on the underlying events causing the litigation. *Johns–Manville,* 855 F.2d at 1565 (stating that the term "claim" has no reference to the legal theory used or the elements of proof required); *Gaubert,* 28 Fed.Cl. at 599.

▮▮▮▮ In opposition to defendant's motion to dismiss, plaintiff argued that not all of the claims filed in this court were based on the same operative facts as the claims asserted in the district court complaint:

> One Day has asserted two contract claims in the instant [Court of Federal Claims] action, one of which [the breach of promise claim] is based on completely different 'operative facts' as those pleaded and required to be proved in the District Court Action. Accordingly, the [g]overnment's [m]otion should be denied.

In making this argument plaintiff conceded, implicitly, that its claim for breach of the lease agreement relied on the same operative facts as the district court complaint. In addition, plaintiff completely ignored its claim for quantum meruit. However, plaintiff's concession and omission are irrelevant because this court finds that all plaintiff's claims in both courts constitute the "same" claim for the purposes of section 1500.

Plaintiff attempted to distinguish the breach-of-promise claim from the district court claims by arguing that the former relied solely on facts not relevant to the latter:

> (1) the Government promised to pay One Day for certain janitorial and security services if One Day provided such services,
>
> (2) One Day provided such services at great expense, and
>
> (3) the Government did not pay for those services as it promised to do.

Plaintiff's argument, however, was a transparent attempt to disguise a legal difference as a factual difference.

▮▮▮▮ Plaintiff's claims are inextricably linked to the same grievance; the presence and activity of INS invitees on the Premises resulted in economic loss to One Day. While plaintiff's alternative efforts to recover for that loss may have relied on

---

**2.** The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992), enacted on October 29, 1992, changed the name of the United States Claims Court to the United States Court of Federal Claims. The United States Court of Federal Claims is the successor to the United States Claims Court in all respects.

different legal theories, they amounted to the "same" claim. A claim is defined by the facts essential to the grievance for which recovery is sought, not by the legal theories on which the claim is based. *Johns–Manville*, 855 F.2d at 1565; *Gaubert*, 28 Fed.Cl. at 599. Because plaintiff's claims all arise from the same grievance, plaintiff may not hand-pick one set of facts to support one legal theory and another set of facts to support a different legal theory and claim that the two theories rely on a separate set of facts. *See Johns–Manville*, 855 F.2d at 1565; *Gaubert*, 28 Fed.Cl. at 600–601.

Despite plaintiff's argument to the contrary, plaintiff cannot extricate its breach-of-promise claim from its other claims sounding in contract and tort. All of plaintiff's claims depended on a common set of facts at the heart of the matter; each depended on the existence of the lease agreement, the terms of that agreement, and the conduct of the INS invitees that caused plaintiff's harm. Accordingly, the court rejects plaintiff's argument and finds that it lacks subject matter jurisdiction to hear plaintiff's case.

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss. The Clerk of the Court shall dismiss the complaint without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 1500. No costs.

**IT IS SO ORDERED.**

