**ALLSTATE FINANCIAL CORPORATION,
Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–354 T.**

United States Court of Federal Claims.

Sept. 27, 1993.

Charles D. Ablard, Washington, DC, with whom was David R. Brennan, Minneapolis, MN, for plaintiff.

Michael L. Paup, Acting Asst. Atty. Gen., Washington, DC, with whom was Benjamin C. King, Jr., for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). The court finds it lacks jurisdiction over counts I and II of plaintiff's complaint and for those counts grants defendant's motion. The court also finds it lacks jurisdiction to hear Count IV and part of Count III; however, in lieu of dismissing those counts, the

court transfers them to the to the United States District Court for the District of Minnesota. Oral argument is not deemed necessary.

## FACTS [1]

Plaintiff, Allstate Financial Corporation, brought this action against the United States to recover funds levied upon by the Internal Revenue Service. In a related action in the United States District Court for the District of Minnesota (the district court), plaintiff sought recovery of money seized by the IRS from the United States Postal Service pursuant to the same levy that is the subject of plaintiff's complaint in this court. The relationship between the district court action and this action is the subject of this motion to dismiss.

During or about November 1991, Allstate entered into separate financing agreements with Dittrich of Minnesota, Inc., and Zappia Transportation Services, Inc., both transportation companies that transport goods of various types for a variety of customers. In turn, both Dittrich and Zappia contracted with USPS for the transportation of United States Mail.

Pursuant to the Dittrich and Zappia agreements, and in order to secure amounts advanced to Dittrich and Zappia by Allstate, Allstate received assignments of certain accounts receivable and contract rights, including those arising from Dittrich's and Zappia's contracts with the USPS. In addition, Allstate received and perfected security interests in all accounts receivable and contract rights of Dittrich and Zappia. Subsequently, in February 1992, after Allstate received the above assignments and after attachment and perfection of Allstate's security in the accounts receivable and contract rights of Dittrich and Zappia, the IRS served levies upon various persons, including Allstate, for funds due and owing to Dittrich, Zappia, and other entities allegedly related to

**1.** In this action plaintiff filed a complaint to which defendant responded with a motion to dismiss. The facts of the case are as alleged by plaintiff, which defendant has neither conceded nor denied.

Dittrich and/or Zappia (i.e., their accounts receivable).

In response, Allstate notified the IRS in writing that its interest in all accounts receivable of Dittrich and Zappia predated the IRS levies, and demanded a refund of all proceeds of any accounts receivable levied upon by the IRS. After investigating the matter, the IRS conceded to Allstate that it made a mistake and that Allstate's interest in the accounts receivable of Dittrich and Zappia was superior to the IRS levies. Accordingly, the IRS assured Allstate that it would release all levies and return all checks in possession of the IRS pursuant to the levies; however, the IRS refused to identify the entities upon whom it had served levies. On February 27, 1992 counsel for the IRS wrote to Allstate, stating that the IRS "has determined that it has no interest in the private accounts due and owing to" Zappia and Dittrich and it had "issued releases of levy to all private parties to whom notices of levy were issued."

Thereafter, Allstate attempted to recover assigned funds from the USPS but was unsuccessful, in part, as a result of the IRS levy. On June 4, 1992 Allstate wrote to the IRS informing it that several months had passed since the general release of the levies and asking the IRS to take those steps necessary to ensure the release of the levies so that Allstate could collect all funds owed to it, including those owed to it by the USPS. The IRS responded by stating "it is the position of the Internal Revenue Service that, its levy having been duly released, it has no further rights nor responsibilities with respect to the matter." However, sometime in April 1992, the IRS received payment of the USPS funds.

On August 25, 1992 Allstate submitted an administrative claim to the IRS for the payment of all funds collected by the IRS from the USPS pursuant to the levy. The IRS denied Allstate's claim on January 29, 1993.

Allstate filed claims in the district court and this court on June 3, 1993. The district court complaint sought recovery from the USPS under five theories of liability: (1) violation of the Assignment of Claims Act, (2) violation of USPS regulations and policies, (3) estoppel, (4) conversion, and (5) negligence. The complaint in this court alleged four counts against the IRS: Counts I and II alleged breach of implied contract; Count III alleged wrongful levy; and Count IV alleged conversion. On August 2, 1993 defendant moved to dismiss plaintiff's claim in this court on the grounds that 28 U.S.C. § 1500 (section 1500) divests this court of subject matter jurisdiction.

## DISCUSSION

In considering defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the court must accept as true any undisputed allegations of fact made by the non-moving party. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir. 1988). When disputed facts relevant to the issue of jurisdiction exist, the court may decide those questions of fact. *Id.; Hedman v. United States*, 15 Cl.Ct. 304, 306 (1988). When subject matter jurisdiction is questioned, the non-moving party bears the burden of establishing the court's jurisdiction. *Reynolds*, 846 F.2d at 748.

At the outset, the court notes that plaintiff's count for conversion in this court is a tort. In its complaint plaintiff alleged jurisdiction for this tort under the theories of pendant and ancillary jurisdiction. While defendant did not challenge this allegation in its motion to dismiss, the court must determine for itself whether it has jurisdiction over all of plaintiff's claims. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). The court holds that it lacks jurisdiction over plaintiff's claim for conversion. This court does not have jurisdiction over tort claims pendant or ancillary to claims for breach of contract. *Shelton*, 215 Ct.Cl. 908, 1977 WL 9598 (1977); *Hamlet v. United States*, 14 Cl.Ct. 62 (1988).

▉ Defendant based its motion to dismiss on the jurisdictional bar of Section 1500, which states:

The United States Claims Court[2] shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (1988) (footnote added). Recent precedent interprets section 1500 as divesting this court of jurisdiction over "the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to' the same claim." *Keene Corp. v. United States,* — U.S. —, —, 113 S.Ct. 2035, 2041, 124 L.Ed.2d 118 (1993); *Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1567 (Fed. Cir.1988); *Gaubert v. United States,* 28 Fed.Cl. 597, 599 (1993). Two lawsuits assert the same claim if they share a common core of operative facts. *Keene,* — U.S. at —, 113 S.Ct. at 2043; *Johns–Manville,* 855 F.2d at 1567; *Gaubert,* at 599. Accordingly, the test for "sameness" depends not on the theories of recovery asserted, the parties involved, or the portion of the facts litigated, but on the underlying events causing the litigation. *Gaubert,* at 599; *see also Johns–Manville,* 855 F.2d at 1565 (stating that the term "claim" has no reference to the legal theory used or the elements of proof required).

In its opposition to defendant's motion to dismiss plaintiff asserted that while its claim in this court relied on the same background facts as its claim in the district court, the two claims did not rely on the same operative facts. Plaintiff provided several arguments for this assertion. First, plaintiff contended that the two claims relied on different factual allegations; the claim in this court relied on allegations related to IRS's conduct and Allstate's communication with them; the claim in the district court relied on allegations related to USPS not honoring Allstate's contractual rights to Zappia's and Dittrich's accounts receivable. Second, in a related argument, plaintiff averred that the operative facts underlying the two actions were mutually exclusive. In essence, plaintiff asserted that its cause of action against the USPS did not rely on any of the same facts relied upon by its cause against the IRS. Third, plaintiff argued that its claim in each court sought redress from separate governmental entities. Finally, plaintiff claimed that section 1500's purpose of preventing simultaneous dual litigation against the government was not implicated in this case because some of plaintiff's claims in the district court could not have been brought in this court.

▉ Despite plaintiff's clever arguments for carving this litigation into pieces, plaintiff cannot sever the underlying transaction that binds its two complaints. Both complaints relied on the same transaction in which the USPS transferred money to the IRS pursuant to the IRS levy. Plaintiff's argument that the two complaints relied only on the same *background* facts and not the same *operative* facts was wrong. As this court recently held, the operative facts are those facts essential to the grievance for which recovery is sought. *One Day Paint & Body Centers, Inc., v. United States,* 29 Fed.Cl. 153, 156 (Ct.Fed.Cl.1993); *see also Johns–Manville,* 855 F.2d at 1565; *Gaubert,* at 600. Here, plaintiff's claims in both courts sought redress for the same grievance; the USPS paid to the IRS money to which Allstate allegedly was entitled.

Because a single transaction underlay each of plaintiff's claims in both courts, it matters not what entities plaintiff sued nor what theories of recovery it employed. *Gaubert,* at 599; *see also Johns–Manville,* 855 F.2d at 1565. Plaintiff must choose a

---

**2.** The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992), enacted on October 29, 1992, changed the name of the United States Claims Court to the United States Court of Federal Claims. The United States Court of Federal Claims is the successor to the United States Claims Court in all respects.

single forum to recover for a single grievance. *Johns–Manville*, 855 F.2d at 1565; *One Day Paint*, 29 Fed.Cl. at 156. Plaintiff cannot argue that its claims in each court were different merely because some of the claims it filed in the district court could not have been filed in this court. Plaintiff sought recovery in each court for the same money under different theories of liability. Consequently, section 1500 does not deny plaintiff a remedy but merely forces plaintiff to choose a theory of recovery; the appropriate forum then depends on the theory chosen.

Plaintiff's argument that the purpose of section 1500 was not implicated by its complaints simultaneously filed in this court and the district court was mistaken. If plaintiff were to recover both in this court and the district court, it would recover twice for the same wrong. In enacting section 1500, Congress intended to prevent this ill and to prevent the United States from having to defend itself simultaneously in two courts for the same grievance. *See UNR Industries, Inc. v. United States*, 962 F.2d 1013, 1021 (Fed.Cir.1992). Plaintiff's dual litigation would contravene that intention.

Plaintiff also argued that its complaint in this court was broader, and thus discrete from, the district court complaint. In the action filed in this court, Allstate sought recovery of all funds seized by the IRS pursuant to the IRS levies; in the district court action Allstate sought recovery of only those funds seized by the IRS from the USPS. In short, plaintiff's argument implied that the IRS wrongfully seized money slated for Allstate from parties other than the USPS[3] and that its complaint to recover such wrongfully seized monies, the complaint in this court, derived from a different set of operative facts than its complaint filed against the USPS, the district court complaint.

Insofar as plaintiff's complaint in this court sought recovery of funds seized by the IRS from unnamed parties, plaintiff posed a separate, and more difficult, jurisdictional question from that discussed above. However, the court refrains from deciding this question because, as discussed below, the court transfers Counts III and IV of plaintiff's complaint and thus moots the issue.

In its opposition to defendant's motion to dismiss, plaintiff requested that, in the event this court decides it lacks jurisdiction to hear plaintiff's case, this court transfer counts III and IV of plaintiff's complaint to the district court in lieu of dismissing them.[4] Pursuant to 28 U.S.C. § 1631, whenever this court

> finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed....

In this case such a transfer is appropriate. Counts III and IV of plaintiff's complaint could have been brought and should have been brought in the district court. Count IV for conversion is a tort falling under the exclusive jurisdiction of the district court. Count III is based on the same operative facts as the claim filed in the district court and thus is barred from this court as per section 1500. The court finds that the interests of justice are fulfilled best by permitting plaintiff to adjudicate Counts III and IV in the forum where jurisdiction rests.

Counts III and IV encompass all funds obtained pursuant to the IRS levies at issue, not just those funds obtained from the USPS. Hence, transfer of them removes from this court all of plaintiff's outstanding claims and obviates the need for the court to decide whether it has jurisdiction over plaintiff's claims not emanating from IRS/USPS transaction. The court leaves unresolved this more difficult jurisdictional issue.

---

3. Plaintiff did not name such parties because, according to plaintiff, the IRS failed to disclose all the names upon whom it served the levies in question.

4. Plaintiff did not request that this court transfer Counts I and II, as they are claims for breach of contract not falling under the jurisdiction of the district court.

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss in part and transfers the remainder to the United States District Court for the District of Minnesota. The Clerk of the Court shall dismiss Counts I and II of the complaint without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 1500, and shall transfer Counts III and IV as prescribed above. No costs.

**IT IS SO ORDERED.**